1

2

3

4

STANLEY GOFF (Bar No. 289564)
LAW OFFICE OF STANLEY GOFF
15 Boardman Place Suite 2
San Francisco, CA 94103
Telephone: (415) 571-9570
Email: scraiggoff@aol.com

5

Attorneys for Plaintiff

6

7

8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

| LAVIRRISE BYNES;<br><br>        Plaintiffs,<br><br>v.<br><br>SOLANO COUNTY, SHERIFF'S DETECTIVE OLMSTEAD AND DOES 1-25.<br><br>        Defendants. | CASE NO.: **2:21-cv-01537-KJM-DB**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |
|---|---|

17

18

19

20

21

22

23

1

2

Plaintiff, demanding a jury trial, brings this action against Defendant SOLANO COUNTY SHERIFF'S DEPUT OLMSTEAD, inclusive, for general, consequential, compensatory, punitive and statutory damages, costs and attorneys' fees resulting from defendants' unconstitutional and tortious conduct, and as grounds therefore allege as follows:

3

4

5

### I. PARTIES

6

1.      Plaintiff Lavirrise Bynes, was at all times relevant to this complaint, living in Solano County.

7

8

2.       Defendant Solano County Deputy Olmstead was employed by Solano County at the time of the incident. This defendant is being sued in his individual capacity.

9

10

3.      Defendants DOES 1-25 were employed by Solano County at the time of the incident, whose identities and capacities are unknown at this time to the Plaintiff. These Doe Defendants are being sued in their individual capacities.

11

12

4.      Once the DOES 1-25 Defendants' identities are known, Plaintiff will immediately seek leave to amend to name these Defendants in this action. All Defendants acted under the color of law as it pertains to this complaint.

13

14

### **II. JURISDICTION AND VENUE**

15

16

5.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 12132 and the Fourth and Fourteenth Amendments to the United States Constitution, made applicable to Defendants through the Fourteenth Amendment to the United States Constitution. This Court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a).

17

18

19

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this action occurred in Solano County, which is located in this district.

20

21

22

23

**III. STATEMENT OF FACTS**

7.      On March 12, 2018, Solano County Sheriffs were notified by a Campus Sheriff's Office

employee that the Solano County Community college district received two bomb threat calls at

approximately 1205 hours.

8 .      The suspect called the Assessment Center at the Fairfield campus and told the caretaker that

there was a bomb on all three Solano Community College campuses. The caller did not provide any

other information regarding the threat.

9.      One or both Defendants contacted the college Superintendent/President, Dr. Celia Esposito-

Noy, and advised her of the threat calls.  Due to it being a bomb threat and school was still in session,

Dr. Esposito-Noy asked the Defendants to send out a mass notification message via Regroup Mass

Notification System letting students and staff know the college had just received the bomb threats

and the Solano County Sheriff's Office was actively working on the case.

10.      A command center inside the Campus Sheriff's Office located at the Fairfield campus,

building 18008.

11.      All three college campuses (Fairfield, Vacaville and Vallejo.) were evacuated.

12.      Sheriff's Detective B. Williams was assigned as the primary investigating officer to the case.

Defendant Olmstead was also assigned to the case.

13.      Sheriff's Detectives traced the calls linked to bomb threat to the Global Center for Success,

which is a student outreach center to help students of the Solano County Community College

District.

14.      Defendant Olmstead then interviewed Richard Porter. Porter is the Executive Director

for the Global Center for Success. Porter stated that he came into the office in the morning

and left for a couple of hours returning at approximately 1300 hours. Porter described the

phone system and showed Defendant Olmstead that they have four phone numbers for the

business and each one is designated by a line number on the phone. Phone number 707-562-

5673 is designated as line number. Porter identified that the following people were in the

office on the day of the incident and had access to the phones; (W) Kenneth Bryant, Administrative Assistant (W) Eva Bernardes, Program Director $Cw'$) Charione Webb, Senior Case Manager (S) Lavirrise Bynes, Case Manager (Plaintiff)

15.     Porter stated that all of the people working in the office that day were currently present at the facility except for Plaintiff who was a student at Solano Community College. Porter went on to state that the Plaintiff had been an intern at the Global Center for Success for approximately one year and had just recently started receiving a stipend depending on the number of clients she assists, and that Plaintiff worked on Monday and Tuesday from 9 am until around noon when she would leave to attend classes at Solano Community College,

16.     Defendant Olmstead also interviewed Kenneth Bryant- Bryant is an Administrative Assistant at the Global Center for Success. Bryant has worked at the facility since approximately 2011. Bryant is not a salaried employee but does receive a stipend depending on workload. Bryant is not a student at Solano Community College and has no connection with the campus. Bryant was working at the front desk during the day. Bryant left the office along with fellow employee Charlotte Webb at approximately 1205 to 1215 for lunch and returned around 1300 hours. Bryant did not notice anyone else in the building when he left for lunch.

17.     Defendant Olmstead then interviewed Charlotte Webb- Webb is a Senior Case Manager at the Global Center for Success. Webb has worked at the facility since approximately 2010. Webb is not a student at Solano Community College and has no connection with the campus. Webb was working in the offices during the day. Webb left the office along with Bryant around 1205 to 1215 for lunch and returned around 1300 hours.

18.     It is alleged based on good faith belief that Defendant Olmstead falsely placed in his report that Webb informed him that she believed that Plaintiff was still in her office when she left for lunch, which was the time that the bomb threats were made.

19.     Defendant Olmstead subsequently arrested the Plaintiff for making the bomb threats and criminal charges were picked up by the Solano County District Attorney's office.

20.     At the Plaintiff's preliminary hearing, it is alleged based on good faith belief, that Defendant Olmstead falsely testified under oath that Webb had informed him that she believed that Plaintiff was still in her office when she left for lunch, which was the time that the bomb threats were made.

21.     It is alleged based on good faith belief, that based on Defendant Olmstead false testimony under oath that Webb had informed him that she believed that Plaintiff was still in her office when she left for lunch, which was the time that the bomb threats were made, that the Solano County Criminal Court determine that there was enough probable cause to have the Plaintiff answer to a jury on the charges.

22.     It is alleged based on good faith belief, that the District Attorney assigned to the case was not aware that Defendant Olmstead was giving false testimony under oath that Webb had informed him that she believed that Plaintiff was still in her office when she left for lunch, which was the time that the bomb threats were made, and that if the District Attorney was aware that said testimony was false, they would have dismissed the criminal charges.

23.     It is alleged based on good faith belief, that Charlotte Webb heard of the false testimony made in her name by Defendant Olmstead and met with the District Attorney to tell him that Olmstead's testimony regarding what she told him was false, and that upon being told the truth by Webb, the District Attorney immediately dismissed the Plaintiff's criminal charges, but not before the Plaintiff was force to deal with being criminally prosecuted for two years.

## IV. CAUSES OF ACTION

### FIRST CLAIM
### (42 U.S.C. Section 1983 MALICIOUS PROSECUTION)
### (Against Olmstead)

24.     In reference to the above-cited paragraphs 1-23, Defendant Olmstead acting with malice, caused the initiation of false charges to be filed against the Plaintiff subjecting the Plaintiff to malicious prosecution which deprived her of her right to be free from unreasonable seizure of her person under the Fourth Amendment to the United States Constitution.

25.     That Defendant Olmstead was actively involved in causing the Plaintiff to be prosecuted for the charges of issuing a bomb threat to the Solano County Community College District.

26.     That the criminal proceedings regarding these charges ended in Plaintiff's favor when the District Attorney dismissed the charges after learning about exculpatory testimony from a key witness that the Defendants never revealed to the District Attorney.

27.     That no reasonable person in the Defendant's same position would have believed that there were grounds for causing the Plaintiff to be arrested and prosecuted based on the above-listed charges because the Defendant had knowledge that someone other than Plaintiff committed the crime on the day in question.

28.     That the Defendant acted primarily for a purpose other than to bring the Plaintiff to justice because they had knowledge that the Plaintiff had not committed the criminal offenses that the Defendant falsely alleged that she committed and yet arrested the Plaintiff and charged her with these crimes anyway.

29.     That the Defendant acted primarily for a purpose depriving the Plaintiff of her rights under the Fourth and Fourteenth Amendments to be from unlawful seizure and unlawful prosecution.

1   30.     That the Plaintiff was harmed based on this malicious prosecution because she was

2   forced to defend herself against these criminal charges for over a year and deal with the public

3   ridicule that attached to such allegations; and

4   31.     That the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

**SECOND CLAIM**
**(42 U.S.C. Section 1983 TATUM VIOLATION)**
**(Against Olmstead)**

7   32.     In reference to the above cited paragraphs 1-31, Defendant acting with malice,

8   intentionally withheld exculpatory evidence from the Plaintiff regarding her prosecution, thus

9   depriving the Plaintiff of her right to be due process under the Fourteenth Amendment to the

10  United States Constitution.

11  33.     That this exculpatory evidence was highly favorable to exculpation or impeachment in

12  the Plaintiff's criminal case.

13  34.     That the Defendant acting with malice, intentionally withheld this exculpatory evidence

14  from the Plaintiff regarding her prosecution.

15  35.     That the Defendant's intentional withholding of this exculpatory evidence was highly

16  prejudicial to the Plaintiff and severely hampered her ability to adequately defend against her

17  criminal charges.

18  36.     That the Plaintiff was harmed based on this TATUM VIOLATION because she was

19  force to endure the emotional distress of being prosecuted for crimes that she did not commit for

20  two years; and

21  37.     That the Defendant's conduct was a substantial factor in causing Plaintiff's harm.

22

23

1

2

**THIRD CLAIM**
**(Violation of Plaintiff's Fourteenth Amendment Rights 42 U.S.C §1983 Fabrication of**
**Evidence) – As to Olmstead)**

3

4

38.     In reference to the above cited paragraphs 1-37, Defendant, acting under color of law,

engaged in the Deliberate fabrication of evidence by continuing the investigation and prosecution

5

of the Plaintiff despite knowing Plaintiff was innocent due to the exculpatory evidence in their

6

possession or were being deliberately indifferent to the Plaintiff's innocence due to the

7

exculpatory evidence in their possession.

8

39.     Such actions were in conscious and reckless disregard of the risk of injury and under the

9

circumstances, there was no objectively reasonable basis for the Defendants' actions.

10

40.     That the Plaintiff was harmed based on this Fabricated Evidence because he was forced

11

to endure the emotional distress of being prosecuted for crimes that he did not commit and was

12

incarcerated in the Solano County Jail (loss of his liberty) for two years; and

13

41.     That the Defendants' conduct was a substantial factor in causing Plaintiff's harm.

14

**V. PRAYER FOR RELIEF**

15

Plaintiff prays for judgment against Defendants as follows:

16

    1. For compensatory damages and other special damages according to proof;

17

    2. For general damages according to proof;

18

    3. For punitive damages against all individual defendants according to proof;

19

    4. The prejudgment interest at the legal rate according to proof;

20

    5. For costs and reasonable attorneys' fees as provided by law; and

21

    6. For such other relief as the Court may deem fit and proper.

22

23

## VI. JURY DEMAND

Plaintiff demands a jury trial in this action.

LAW OFFICE OF STANLEY GOFF

Dated: April 7, 2022                        _____/s/ Stanley Goff_____
                                             STANLEY GOFF
                                             Attorney for Plaintiff